This appeal by R.E. Pilkerton Electric, Inc., and Robert Earl Pilkerton is from the following decree:
 "This matter coming on to be heard on the plaintiff's Creditors Bill for Relief and the General Denial of the defendants, and the Court having considered the oral testimony and briefs of the parties, the Court is of the opinion that relief is due to be granted to the plaintiff.
 "In examination of the briefs of the parties, the Court finds that the legal theories of ALTER-EGO as set out in C.E. Development Co. v. Kitchens, 288 Ala. 660, 264 So.2d 510 (1972) and INSTRUMENTALITY, as set out in Krivo v. National Distillers, 483 F.2d 1098
(5th Cir. 1973), are applicable in this case. The Court finds from the evidence:
 "1. That the plaintiff was a lawful and just creditor of the defendant, Maintenance Contractors, Inc., and did reduce the debt to a judgment. That execution was duly issued and returned by the Sheriff `no property found.'
 "2. That R.E. Pilkerton, with knowledge of the debt of the plaintiff, did allow Maintenance Contractors, Inc. by and through his dominion and control, to cease to operate. Further, said R.E. Pilkerton, by his direction and control did establish a new corporation twelve days later. That the purpose, intent and/or direction of R.E. Pilkerton was to use his control of both corporations to hinder, dely, defraud and avoid the lawful claims of the plaintiff. *Page 856 
 "3. The Court finds that the above defendant corporations were the mere instrumentaility of R.E. Pilkerton and/or became the alter-ego of said defendant.
 "It is, therefore, ORDERED, ADJUDGED AND DECREED as follows:
 "A. That the plaintiff have and recover of the defendants, R.E. Pilkerton, individually and R.E. Pilkerton, Inc., the sum of $13,690.48, plus interest of $1369.00, for a total judgment of $15,059.48.
 "B. Costs are taxed to the defendants, for which let execution issue."
Issues
 (1) Did the trial court err in imputing liability to Robert Earl Pilkerton for a debt incurred by Maintenance Contractors, Inc.?
 (2) Did the trial court err in imputing liability to R.E. Pilkerton Electric, Inc., for a debt incurred by Maintenance Contractors, Inc.?
We answer both issues in the negative and affirm.
The trial court's conclusions on issues of fact were made from conflicting evidence presented ore tenus and are supported by ample credible evidence of record. Its application of the law to those facts is correct. The judgment below, therefore, is due to be and is hereby affirmed. Cherokee Ins. Co. v.Frazier, 406 So.2d 881, 882 (Ala. 1981).
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.